UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| JEFFERY L. CARPENTER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3: 11-42-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DEPARTMENT OF CORRECTIONS, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondents. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Petitioner Jeffery L. Carpenter is an inmate confined in the Eastern Kentucky Correctional Complex in West Liberty, Kentucky. Carpenter, proceeding without counsel, has petitioned the Court pursuant to 28 U.S.C. § 2241 to issue a writ of habeas corpus. In his petition, Carpenter seeks an order compelling the Kentucky Department of Corrections ("KDOC") to award him meritorious good time credit from January 1, 2003, to the present date on that portion of his sentence unrelated to his conviction for sexual abuse. [Record No. 2]

The Court reviews habeas petitions filed under section 2241 to determine whether the petition and its exhibits establish viable grounds for relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases (applicable to Section 2241 petitions under Rule 1(b)); *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). If it appears from the face of the petition that relief is not warranted, the Court may summarily deny the petition. *McFarland v.*

*Scott*, 512 U.S. 849, 856 (1994); *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001). Having reviewed Carpenter's petition, the Court finds that he is not entitled to the relief sought.

## I.

In 2003, Carpenter was serving a combined prison term of forty-two years for multiple felony offenses in Butler and Logan Counties in Kentucky, including convictions for arson, burglary, escape, forgery, theft, promoting contraband, tampering with physical evidence, possession of a handgun by convicted felon, criminal possession of a forged instrument, theft by unlawful taking, and being a persistent felony offender. Carpenter's KDOC Resident Record Card indicates that as of January 1, 2003, he had been awarded 100 days of meritorious good time credits. [Record No. 2-3, p. 6] By June 3, 2011, he had served nearly eighteen and one-half years of his total sentence. [*Id.*, p. 3]

In April 2003, Carpenter was convicted in Butler Circuit Court of one count of first-degree sexual abuse and for being a first-degree persistent felony offender. He received a fifteen-year sentence of imprisonment on these charges, with jail credit effective as of March 11, 2003, giving him a cumulative sentence of fifty-seven years. After this conviction, KDOC refused to award Carpenter meritorious good time credit for any portion of his sentence until he completed the Sexual Offender Treatment Program ("SOTP"). Carpenter declined to do so, maintaining his innocence of the sexual abuse charge.[1] He argues that the KDOC must continue

---

[1] Carpenter failed to obtain reversal of his conviction on direct appeal, in collateral proceedings under Kentucky Rule of Criminal Procedure 11.42, or through federal habeas proceedings. *Carpenter v. Warden Motley*, No. 1:10-cv-057-TBR (W.D. Ky. 2010).

to award him meritorious good time credit on the forty-two years of his sentence that are unrelated to the sexual abuse conviction.

## II.

Sections 439.340(11) and 197.045(4) of the Kentucky Revised Statutes ("KRS") require that an inmate convicted of a sexual offense complete the SOTP before he is eligible for parole or can earn meritorious good time credits. Regardless of whether the trial court determined that Carpenter was an "eligible sex offender" who must complete the SOTP, the KDOC has discretion to independently classify an individual as an "eligible sex offender." KRS § 197.410(2) (providing that classification may be made by "the sentencing court or department officials, or both"); *see Garland v. Commonwealth*, 997 S.W.2d 487, 489 (Ky. Ct. App. 1999). Since Carpenter was convicted of first-degree sexual abuse, a crime classified as a "sex crime" under KRS § 17.500, he may be properly deemed an "eligible sex offender" by the courts or by KDOC officials. *See* KRS § 197.410(2).

The circumstances under which an inmate may receive credit on his sentence are established by state statute.

> Until successful completion of the sex offender treatment program, an eligible sexual offender may earn sentencing credit. However, the sentencing credit shall not be credited to the eligible sexual offender's sentence. Upon the successful completion of the sex offender treatment program, as determined by the program director, the offender shall be eligible for all sentencing credit earned but not otherwise forfeited under administrative regulations promulgated by the Department of Corrections. After successful completion of the sex offender treatment program, an eligible sexual offender may continue to earn sentencing credit in the manner provided by administrative regulations promulgated by the Department of Corrections. Any eligible sexual offender, as defined in KRS 197.410, who has not successfully completed the sex offender treatment program as determined by the program director shall not be entitled to the benefit of any

>credit on his or her sentence. A sexual offender who does not complete the sex offender treatment program for any reason shall serve his or her entire sentence without benefit of sentencing credit, parole, or other form of early release.

KRS § 197.045(4). Thus, the statute expressly provides that an eligible sexual offender who does not successfully complete the SOTP is not entitled to any credit on his sentence. Because Carpenter has not completed the SOTP, he is not eligible to be awarded meritorious good time credit. His contention that he should receive credit on the part of his sentence that is unrelated to the sexual abuse conviction fails in light of KRS § 197.045(3), which provides that "[w]hen two (2) or more consecutive sentences are to be served, the several sentences shall be merged and served in the aggregate for the purposes of the sentencing credit computation or in computing dates of expiration of sentence."

In any event, Carpenter has no constitutional right to meritorious good time credit. Kentucky's good time statute permits, but does not require, the KDOC to award such credit. *See* KRS § 197.045(1)(b)(1). Therefore, the award of meritorious good time credit is a privilege, not a right. *See Anderson v. Parker*, 964 S.W.2d 809, 810 (Ky. Ct. App. 1997). By choosing not to complete the SOTP, Carpenter lost the opportunity to be awarded meritorious good time credit on his sentence. Kentucky courts have made clear that "[t]he loss of the mere opportunity to earn good-time credit does not constitute a cognizable liberty interest." *Marksberry v. Chandler*, 126 S.W.3d 747, 753 (Ky. Ct. App. 2003); *see also Seymour v. Colebank*, 179 S.W.3d 886, 891 (Ky. Ct. App. 2005). Carpenter thus is not entitled to habeas relief.

## III.

For the reasons explained above, it is hereby

Case: 3:11-cv-00042-DCR Doc #: 7 Filed: 06/05/12 Page: 5 of 5 - Page ID#: 52

**ORDERED** as follows:

(1) Petitioner Jeffery Carpenter's petition for writ of habeas corpus [Record No. 2] is **DENIED**.

(2) This action is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

(3) Judgment will be entered consistent with this Memorandum Opinion and Order.

This 5th day of June, 2012.

Signed By:
*Danny C. Reeves* DCR
United States District Judge